Filed 5/19/14  Apex Development v. Armand Gonzales, Inc. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| APEX DEVELOPMENT, INC., | B248737 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LC098783) |
| v. | |
| ARMAND GONZALES, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from judgments of the Superior Court of Los Angeles County, Frank Johnson, Judge.  Affirmed.

Law Offices of Michael P. Ribons and Michael P. Ribons for Plaintiff and Appellant.

Sedgwick LLP, Curtis D. Parvin and Hall R. Marston, for Defendants and Respondents Sedgwick LLP, Jonathan J. Dunn and Andrew C. Harris.

Murchison & Cumming, LLP, Edmund G. Farrell III and Adrian J. Barrio for Defendants and Appellants Murchison & Cumming, LLP, Dan L. Longo, Jean A. Dalmore and Nanette G. Reed.

# I.  INTRODUCTION

Plaintiff, Apex Development, Inc., appeals from two judgments dismissing its malicious prosecution complaint.  Plaintiff sued Armand Gonzales, Inc. doing business as Gonzales Construction and Armand Gonzales (Armand Gonzales, Inc.).  Plaintiff also sued Armand Gonzales, Inc.'s lawyers:  Sedgwick, LLP; two lawyers employed by Sedgwick, LLP (Jonathon J. Dunn and Andrew C. Harris); Murchison & Cumming, LLP and three lawyers employed by Murchison & Cumming, LLP (Dan L. Longo, Jean A. Dalmore and Nanette G. Reed).  The judgments were entered after the trial court sustained defendants' demurrers without leave to amend.  The trial court ruled plaintiff failed to state a cause of action for malicious prosecution because the prior action did not terminate in its favor.  Plaintiff argues the underlying action terminated favorably.  Plaintiff argues the prior lawsuit was terminated based on the parol evidence rule.  We consider the judgment in the underlying action as a whole and conclude the prior lawsuit was terminated in material part on the statute of limitations ground.  The judgments in the present case are affirmed.

# II.  BACKGROUND

## A.  Underlying Action

On October 30, 2009, Armand Gonzales, Inc. filed a complaint against plaintiff. On November 5, 2009, Armand Gonzales, Inc. filed an amended complaint for contract breach and promissory estoppel.  Armand Gonzales, Inc. was represented by Sedgwick, LLP.

The amended complaint alleged Armand Gonzales, Inc. was a general contractor that bid on a project for the County of Los Angeles Public Works Department (the department).  In July or August 2005, Armand Gonzales, Inc. invited subcontractors to submit bids for construction of parts of the project.  On September 6, 2005, Armand

2

Gonzales, Inc. received an offer from plaintiff. The offer was received by Armand Gonzales, Inc. minutes before the deadline to submit the complete bid to the department. Plaintiff allegedly offered to furnish labor and materials necessary to complete specified portions of the project for $1,974,671. Armand Gonzales, Inc. immediately contacted plaintiff after receiving the last minute offer. Plaintiff's offer was mistakenly addressed to Stronghold Engineering, another general contractor. Plaintiff confirmed: it had submitted identical offers to Stronghold Engineering and Armand Gonzales, Inc.; the reference to Stronghold Engineering should have referenced Armand Gonzales, Inc.; and the offer was to perform specified work. Based on plaintiff's alleged oral and written representations, Armand Gonzales, Inc. accepted plaintiff's offer. Armand Gonzales, Inc. included plaintiff's figures in the bid submitted to the department. The department and Armand Gonzales, Inc. entered into a contract for the project on September 21, 2005. On November 14, 2005, plaintiff allegedly revised its bid offer to $3,100,389. Plaintiff refused to honor its original bid. Subsequently, Armand Gonzales, Inc. retained a replacement subcontractor to perform the work plaintiff had originally offered to do for $1,974,671. Armand Gonzales, Inc. allegedly incurred costs and fees of $1,582,368.89 as a legal cause of plaintiff's acts and omissions.

As to the promissory estoppel cause of action, the amended complaint alleged plaintiff promised to perform part of the project scope of work for a fixed price. Plaintiff made the promise with deliberate intent to induce Armand Gonzales, Inc. to accept the offer which was later withdrawn. Armand Gonzales, Inc. relied on plaintiff's promise and entered into a contract with the department to work on the project. Armand Gonzales, Inc. was damaged when plaintiff refused to perform its promise.

On September 23, 2010, Murchison & Cumming, LLP began representing Armand Gonzales, Inc. On February 1, 2012, plaintiff moved to sever issues at trial. On February 27, 2012, Armand Gonzales, Inc. dismissed its contract breach cause of action at the final status conference. Trial of the underlying action was later bifurcated. The first phase of trial was to determine plaintiff's affirmative defenses of statute of limitations, laches, and failure to state a cause of action. The parties presented testimony

3

and documents at the bench trial on June 19 and 20, 2012. After evidence was presented, counsel for Armand Gonzales, Inc. moved for a directed verdict. The trial court continued the trial to July 20, 2012, to receive additional briefing on the statute of limitations issue. Both the 2012 trial and the 2013 demurrer proceedings were litigated before the same judge, the Honorable Frank Johnson.

## B. The Decision In The Underlying Action

At the July 20, 2012 hearing, the trial court found plaintiff's offer was unambiguous. The trial court stated: "The proposal, which was, I believe, Exhibit 11 in the trial, the bifurcated trial that we started, is not in any way ambiguous. I read the entire thing together. It's clear that the latter part of the proposal, the second half of it, qualifies the first half. [¶] That's important because when you read that language, it's clear that the work that is the subject of this lawsuit was not included in the proposal. It's not included on the breakout sheets that are attached. And for what it's worth, it's just not unclear to the court. It's clear that's what was intended at the time."

The trial court continued; "Now, it is alleged that a conversation occurred shortly thereafter which would have the effect of, if it occurred, of adding additional work, which is the subject matter of this lawsuit. And the question is what is the legal effect of that conversation? [¶] The court is of the opinion that we cannot use that oral conversation for anything other than essentially a brand new contact. It is too different than what is contained in the proposal. It is an entirely new proposal in which they -- if the evidence is to be believed that the conversation occurred -- and that's not part of the trial. . . . [S]o that's why I keep saying allegedly. [¶] If that conversation occurred and if it was represented that this additional work would be covered, that is an entirely new contract. It is not a modification of the first proposal. It is not an explanation of any ambiguous term in the first proposal. It is an entirely new proposal. [¶] That is obviously significant, as you both noted in your briefs and recognized, because it's an oral proposal.

4

And if it's anything at all, it's obviously barred by the three -- two-year, rather, statute of limitations. I don't see a way around that."

After argument, the trial court again reiterated plaintiff's bid was unambiguous. The trial court added: "To go behind this bid requires the court to essentially throw it out and rewrite a new contract, an oral contract, which is fine. I mean, that's -- you know, I'd be happy to do that except for the fact that we're way past the two-year statute of limitations for that. I just don't see any way around it."

Judgment for plaintiff was entered on July 20, 2012. The judgment states: "After reviewing the evidence, the briefs and considering the oral arguments of the parties, the Court denied [Armand Gonzales, Inc.'s] motion. The Court then ruled that the action was not based upon a writing as the subject writing was unambiguous and not susceptible to two reasonable interpretations as advocated by [Armand Gonzales, Inc.]. Furthermore, any alleged simultaneous or subsequent oral conversation would have created a new and separate oral promise which was barred by the statute of limitations, Code of Civ. Pro. § 339, as more particularly stated on the record."

## C. Plaintiff's Malicious Prosecution Complaint

On October 20, 2012, plaintiff filed the present complaint for wrongful use of civil proceedings. Plaintiff alleges: the underlying action terminated in its favor on July 20, 2012; defendants acted without probable cause in prosecuting the actions; and defendants' conduct was malicious, wanton, willful, oppressive and in disregard of plaintiff's rights. Plaintiff sought damages of no less than $200,000, cost of suit, exemplary and punitive damages and prejudgment interest.

## D. Defendants' Demurrers

Defendants demurred to the complaint. They argued plaintiff failed to state a cause of action for malicious prosecution because the underlying action was terminated

5

based on the statute of limitations. In opposition, plaintiff argued the underlying matter was terminated favorably based on the parol evidence rule. On February 27, 2013, the trial court heard the demurrers and sustained them without leave to amend. The trial court believed plaintiff could not satisfy the favorable termination requirement for the malicious prosecution claim. The trial court, which had entered the July 20, 2012 judgment, reasoned the prior action was terminated based on the statute of limitations. Plaintiff timely filed its notice of appeal on May 10, 2013.

## III.  DISCUSSION

### A.  Standard Of Review

On appeal from an order sustaining demurrer, we assume all the facts alleged in the complaint are true. (*Sheehan v. San Francisco 49ers, Ltd.* (2009) 45 Cal.4th 992, 998; *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.) In addition, we consider judicially noticed matters. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42; *Evans v. City of Berkeley, supra,* 38 Cal.4th at p. 6.) We accept all properly pleaded material facts but not contentions, deductions or conclusions of fact or law. (*Evans v. City of Berkeley, supra,* 38 Cal.4th at p. 6; *Serrano v. Priest* (1971) 5 Cal.3d 584, 591.) We determine de novo whether the complaint alleges facts sufficient to state a cause of action under any legal theory. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors, supra,* 48 Cal.4th at p. 42; *McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) We read the complaint as a whole and its parts in their context to give the complaint a reasonable interpretation. (*Evans v. City of Berkeley, supra,* 38 Cal.4th at p. 6; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) We may affirm an order sustaining demurrer only if the complaint fails to state a claim under any possible legal theory. (*Sheehan v. San Francisco 49ers, Ltd., supra,* 45 Cal.4th at p. 998; *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 810.)

6

When a trial court sustains demurrer without leave to amend, we determine whether there is a reasonable possibility that the defect can be cured by amendment. (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865; *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) The trial court abuses its discretion if there is reasonable possibility the plaintiff could cure the defect by amending the complaint. (*City of Dinuba v. County of Tulare, supra,* 41 Cal.4th at p. 865; *Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 320.) The plaintiff has the burden of proving the defect would be cured by an amendment. (*Campbell v. Regents of University of California, supra,* 35 Cal.4th at p. 320; *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

## B.  Malicious Prosecution

To establish a malicious prosecution claim, plaintiff must show the prior action: was legally terminated in its favor; brought without probable cause; and initiated with malice. (*Siebel v. Mittlesteadt* (2007) 41 Cal.4th 735, 740; *Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 341.) To determine whether a plaintiff received a favorable termination in the prior action, we consider the judgment as a whole. (*Siebel v. Mittlesteadt, supra,* 41 Cal.4th at p. 741; *Casa Herrera, Inc. v. Beydoun, supra,* 32 Cal.4th at p. 341.) Favorable termination does not occur merely when a plaintiff prevails in the underlying action. (*Casa Herrera, Inc. v. Beydoun, supra,* 32 Cal.4th at p. 341; *Lackner v. LaCroix* (1979) 25 Cal.3d 747, 751.) The termination must reflect the merits of the underlying action and plaintiff's innocence of the misconduct alleged in the prior case. (*Siebel v. Mittlesteadt, supra,* 41 Cal.4th at p. 741; accord *Casa Herrera, Inc. v. Beydoun, supra,* 32 Cal.4th at p. 342.) If there is some doubt as to a plaintiff's innocence or liability, it is not a favorable termination. (*StaffPro, Inc. v. Elite Show Services, Inc.* (2006) 136 Cal.App.4th 1392, 1399-1400; *Eells v. Rosenblum* (1995) 36 Cal.App.4th 1848, 1855.) A technical or procedural termination is not a favorable termination for

7

purposes of a malicious prosecution claim. (*Casa Herrera, Inc. v. Beydoun, supra,* 32 Cal.4th at p. 342; *Lackner v. LaCroix, supra,* 25 Cal.3d at p. 751.)

Plaintiff argues the trial court erred in sustaining the demurrers. Plaintiff asserts the trial court found its offer was clear and unambiguous and parol evidence was not admissible to support Armand Gonzales, Inc.'s interpretation of the offer. Plaintiff contends it obtained a favorable termination in the underlying action because termination was based on the parol evidence rule relying on *Casa Herrera, Inc. v. Beydoun, supra,* 32 Cal.4th at pages 344-349. We disagree.

As explained, in determining whether plaintiff received a favorable termination in the prior action, we consider the judgment as a whole. (*Siebel v. Mittlesteadt, supra,* 41 Cal.4th at p. 741; *Casa Herrera, Inc. v. Beydoun, supra,* 32 Cal.4th at p. 341.) In the underlying action, the trial court ruled plaintiff's offer was clear and unambiguous. But the trial court also decided plaintiff's statute of limitations defense. The trial court ruled the oral conversations alleged in the underlying complaint constituted "an entirely new contract" that was barred by the two-year statute of limitations. Termination of an action based on a statute of limitations defense is a procedural termination. (*Lackner v. LaCroix, supra,* 25 Cal.3d at p. 751; *Eells v. Rosenblum, supra,* 36 Cal.App.4th at pp. 1855-1856.) Because a technical or procedural termination is not a favorable termination, the trial court properly sustained defendants' demurrers.

In its reply brief, plaintiff argues it should be given leave to amend its malicious prosecution complaint. Plaintiff seeks to amend its complaint to allege defendants prosecuted the underlying case knowing the statute of limitations had run on the alleged oral representations. But plaintiff's proposed amendment does not satisfy the favorable termination requirement for malicious prosecution. The statute of limitations defense which plaintiff successfully raised in the prior action is a procedural bar that does not reflect on the merits of that lawsuit. Thus, plaintiff cannot meet the favorable termination requirement for purposes of the subsequent malicious prosecution action.

## IV. DISPOSITION

The judgments are affirmed.  Defendants, Sedgwick, LLP, Jonathon J. Dunn, Andrew C. Harris, Murchison & Cumming, LLP, Dan L. Longo, Jean A. Dalmore and Nanette G. Reed, shall recover their appeal costs from plaintiff, Apex Development, Inc.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.


MINK, J.[*]

---

[*]     Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.